IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENN RODNEY WRIGHT, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-1872-S-BK |
| | § | |
| FBI MIDLAND, ET AL. | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred

to the United States magistrate judge for case management, including the issuance of findings

and a recommended disposition.  Upon review of the relevant pleadings and applicable law,

Plaintiff Glenn Rodney Wright's motion to proceed *in forma pauperis* should be **DENIED** and

this action should be summarily **DISMISSED WITHOUT PREJUDICE** on the basis of

sanctions previously imposed by the United States District Court for the Western District of

Tennessee.

I.      BACKGROUND

On August 6, 2019, Wright, who resides in Memphis, Tennessee and who proceeds

without the assistance of counsel, brings this action against the FBI in Midland, Texas, the

EEOC, Military Goodfellow AFB, Lackland AFB, Permian Basin Workforce, the Cities of

Midland and Big Lake, Texas, and the City Corp and the Midland Employment offices.  Doc. 3

at 1.  The complaint is difficult to decipher and plainly nonsensical, and references "satellite

voices" and "cellphone bluetooth eavesdropping" and voices that give "threats of death, robbery

force by satellite hits by weapon[.]"  Doc. 3 at 1 and 5.

Plaintiff has filed seven civil cases in this court and over 100 cases nationwide.[1]  The

United States District Court for the Western District of Tennessee has explicitly noted his

vexatious litigation practices and sanctioned him as follows:

> The Court REAFFIRMS the restrictions imposed upon Wright's filing privileges
> set forth in the order of dismissal entered in *Glenn Rodney Wright v. Alycia Carter*,
> No. 10-2634-JDT/tmp (W.D. Tenn. 2011).  Payment of the $350 filing fee in full
> is a condition to filing any case about satellite or internet transmissions or
> surveillance. Any complaint submitted by Plaintiff which does not comply with the
> Court's order be summarily dismissed. Furthermore, the Court may then impose
> further sanctions against Plaintiff, including a monetary fine. Any case submitted
> by this Plaintiff to another court that is thereafter transferred to this district WILL
> RESULT in the same sanctions.

*Wright v. U.S. Military Millington*, No. 2:11-CV-2363 (W.D. Tenn. June 29, 2012).

Further this Court previously dismissed at least two of Wright's earlier-filed cases as

frivolous and noted that he had filed dozens of similar lawsuits in Tennessee, which alleged

fanciful and delusional scenarios.  *Wright v. Freed*, No. 3:15-CV-801-N-BF (N.D. Tex. 2015);

*Wright v. Dallas Texas NSA*, No. 3:14-cv-02276-G-BN (N.D. Tex. 2014).

Because Plaintiff has been sanctioned and barred, this case should be dismissed.

## II.    ANALYSIS

This Court "routinely honors sanctions imposed by other federal district courts in Texas

against prisoner and non-prisoner vexatious litigants alike." *Drake v. Nordstrom Dep't Stores*,

3:18-CV-471-D-BN, 2018 WL 1399179, *2 (N.D. Tex. Mar. 1, 2018), *R. & R. accepted*, 2018

WL 1404320 (N.D. Tex. Mar. 19, 2018) (collecting cases and enforcing sanction order from the

Eastern District of Texas against nonprisoner litigant); *see also* MISC. ORD. 48 (N.D. Tex.)

---

[1] The PACER Case Locator is available on Public Access to Court Electronic Records (PACER) website at https://www.pacer.gov/ (last accessed on November 15, 2019).

(honoring sanctions imposed by other federal district courts in Texas against a prisoner litigant); *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-CV-327-N-AH, 2008 WL 1970945, at \*2 (N.D. Tex. May 5, 2008) ("In cases involving litigious, non-prisoner pro se plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for MISC. ORD. 48 purposes.").

Because Wright persists in filing frivolous, vexatious actions, the Court should honor the sanction previously imposed against him in the Western District of Tennessee and bar him from filing future actions *in forma pauperis* in this Court. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### III.    CONCLUSION

For the foregoing reasons, Wright's motion for leave to proceed *in forma pauperis* should be **DENIED** and this action should be **DISMISSED WITHOUT PREJUDICE** on the basis of the sanctions imposed by the United States District Court for the Western District of Tennessee in Cause No. 2:11-CV-2363. Further, Plaintiff should be **BARRED** from filing future actions *in*

*forma pauperis* and warned that any case submitted without the applicable filing fee shall not be reviewed.

       **SO RECOMMENDED** on December 4, 2019.

                             RENEE HARRIS TOLIVER
                             UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).